# Edward Hempstead

*v.*

# John W. Humphrey.

I. Judgments—*by confession—upon what grounds they will be set aside, or opened to let in a defence.* A judgment entered by confession in vacation upon a note, more than a year and a day after its maturity, will not be set aside, or the defendant let in to make his defence, merely because there was no evidence filed that the defendant was still living, and that the debt, or a portion of it, remained unpaid, and no order of a judge was obtained for the entry of the judgment. In addition to the want of such proof, or an order of a judge, it must appear that the defendant has a meritorious defence.

2. Former decision—*overruled.* The case of *Hinds* v. *Hopkins*, 28 Ill. 350, on this subject, is overruled.

Appeal from the Circuit Court of Stephenson County; the Hon. Benjamin R. Sheldon, Judge, presiding.

The case is sufficiently stated in the opinion of the Court.

Mr. J. A. Crain, for the appellant.

Messrs. Bailey and Brawley, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was a judgment by confession in vacation on a note, more than a year and a day after its maturity. There was no evidence filed that the defendant was living, and that the debt, or a portion of it, was due, nor was an order of a judge obtained for the entry of a judgment. At the ensuing term of the court a motion was entered to vacate and set aside the judgment for the want of such proof, which motion was allowed.

In the case of *Hinds* v. *Hopkins*, 28 Ill. 350, it was held that it was necessary, these several steps being requisite in the practice of the British common law courts, that a similar practice should obtain in our courts, under the common law as adopted in this State. The court below, no doubt, was governed by that decision in allowing the motion in this case. But at the April term, 1864, in the case of *Rising* v. *Brainard*, reported in 36 Ill., on more mature reflection we became satisfied that the practice was not properly stated in the case of *Hinds* v. *Hopkins*, and the rule was modified. It was there held that in addition to the want of such an affidavit or order of a judge, it must appear that the defendant has a legal or equitable defence. It was said that "this court will not reverse a judgment on the sole ground that no affidavit was filed showing that the defendant was alive, and that the debt was due."

If it is insufficient ground of reversal, it would follow that the court below should not set aside the judgment. But when

it appears that the defendant has a meritorious defence, every principle of justice and. reason requires that the judgment should be opened, and the defendant let in to make his defence. The judgment being entered without notice to the defendant, and a writ of error prohibited from being brought directly on the judgment, unless the court should entertain such a motion the defendant could only obtain relief in equity. And the Circuit Court having power over its orders until the court adjourns, after they are ·entered, no reason is perceived why the court, in the furtherance of justice, may not open such a judgment and let in a defence.

The errors in this case were of the character that are released by the statute on a confession of judgment. The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*